IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMELE I. WALTON,

      Plaintiff,                        No. CIV S-05-2246 GEB PAN P

      vs.

SACRAMENTO COUNTY JAIL, et al.,

      Defendants.

_____/        ORDER

      Plaintiff is detained at the Sacramento County Main Jail. Proceeding without counsel, he seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $2.60 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1

1  Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the
2  preceding month's income credited to plaintiff's jail trust account.  These payments will be
3  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
4  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
10 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.

18         A complaint, or portion thereof, should only be dismissed for failure to state a
19 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
20 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
21 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
22 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
23 complaint under this standard, the court must accept as true the allegations of the complaint in
24 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
25 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    Plaintiff alleges defendants Bunce, Pederson and Hanson are subject to liability
2 because they interfered with plaintiff's ability to seek relief through the jail's administrative
3 process.
4    The first step in assessing a due process claim is to identify the liberty interest at
5 stake.  See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972) ("The
6 requirements of procedural due process apply only to the deprivation of interests encompassed by
7 the Fourteenth Amendment's protection of liberty and property.").  Inmates have no legitimate
8 claim of entitlement to a grievance procedure.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir.),
9 cert. denied, 488 U.S. 898 (1988).  Therefore, plaintiff cannot state a cognizable claim against
10 defendants Bunce, Pederson and Hanson; the court will not order service of process on these
11 defendants.
12    Plaintiff alleges defendant Arragon accused plaintiff of conduct amounting to a
13 felony but the complaint was dismissed.  Insofar as plaintiff seeks to make a claim defendant
14 Arragon violated his right to due process, this allegation fails to state a claim.  See Paul v. Davis,
15 424 U.S. 693, 703 (1976) (injury to reputation alone does not result in a deprivation of a liberty
16 or property interest protected by the Due Process Clause of the Fourteenth Amendment); see also,
17 Freeman v. Rideout, 808 F.2d 949 (2nd Cir. 1986) ("prison inmate has no constitutionally
18 guaranteed immunity from being falsely or wrongly accused of conduct which may result in the
19 deprivation of a protected liberty interest.").  The court will not order service of process on
20 defendant Arragon.
21    There are no charging allegations against Jones in the complaint and the court will
22 not order service of process on said defendant.
23    The complaint states a cognizable claim for relief against the remaining named
24 defendants Austin, Husley, Mulherin, Sacramento County and Smith, pursuant to 42 U.S.C.
25 § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven, plaintiff has a
26 reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $2.60. All fees shall be collected and paid in accordance with this court's order to Sacramento County Sheriff filed concurrently herewith.

3. Service is appropriate for the following defendants: Austin, Husley, Mulherin, Sacramento County and Smith.

4. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed November 7, 2005.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Six copies of the endorsed complaint filed November 7, 2005.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: July 27, 2006.

UNITED STATES MAGISTRATE JUDGE

/004;001; walk2246.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMELE I. WALTON,

        Plaintiff,                  No. CIV S-05-2246 GEB PAN P

    vs.

SACRAMENTO COUNTY
JAIL, et al.,                        NOTICE OF SUBMISSION

        Defendants.             OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        ____  completed summons form

        ____  completed USM-285 forms

        ____  copies of the _____
                            Complaint/Amended Complaint

DATED:

                                            _____
                                            Plaintiff